# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 09-15069
    Hon. Gerald E. Rosen

PAMELA L. JESTER,

    Defendant.

_____/

## OPINION AND ORDER GRANTING
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     December 21, 2010

PRESENT:     Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

## I. INTRODUCTION

The Plaintiff United States of America commenced this action in this Court on December 31, 2009, seeking to collect an outstanding balance of over $20,000 in unpaid student loans and accrued interest allegedly owed by Defendant Pamela L. Jester. Through the present motion filed on March 17, 2010, Plaintiff seeks an award of summary judgment in its favor on this claim, arguing that Defendant's student loan repayment obligation is established as a matter of law. In a *pro se* response, Defendant contends that the recovery sought by Plaintiff would impose an undue hardship upon her and her dependents. Defendant also has filed a supplemental response to Plaintiff's

motion, in which she indicates that she has applied for a discharge of her student loan obligation on the ground that she is totally and permanently disabled.

Having reviewed the parties' submissions in support of and opposition to Plaintiff's motion, as well as the record as a whole, the Court finds that the relevant allegations, facts, and legal arguments are adequately presented in these written materials, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Plaintiff's motion "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. This opinion sets forth the Court's rulings on Plaintiff's motion.

## II. ANALYSIS

The Government may establish a *prima facie* case that it is entitled to collect on a student loan obligation by producing (i) a promissory note signed by the defendant, and (ii) a certificate of indebtedness signed by a loan analyst under penalty of perjury. *See Guillermety v. Secretary of Education,* 341 F. Supp.2d 682, 688 (E.D. Mich. 2003); *United States v. Johnson,* No. 02-75944, 2005 WL 1355097, at *3 (E.D. Mich. May 4, 2005). In this case, Plaintiff has provided both of these items as exhibits to its summary judgment motion. Accordingly, the burden shifts to Defendant to produce evidence showing the "nonexistence, extinguishment, or variance in payment" of the student loan obligation claimed by Plaintiff. *Guillermety,* 341 F. Supp.2d at 688 (internal quotation marks and citation omitted); *see also Johnson,* 2005 WL 1355097, at *3.

In her response to Plaintiff's motion, Defendant makes no effort to contest

Plaintiff's showing as to either (i) her default on her student loan obligation, or (ii) the balance owed in unpaid principal ($12,620.94) and accrued interest as of the date Plaintiff filed its motion ($8,351.85). Rather, Defendant contends that the recovery sought by Plaintiff would impose an undue hardship upon her and her dependents, where she is responsible, at least in part, for caring for her daughter and two grandchildren, and where she evidently subsists on Social Security benefits and only modest additional income. Yet, as Plaintiff points out, Defendant's claim of undue hardship rests upon a statutory provision, 11 U.S.C. § 523(a)(8), that permits student loan debts to be discharged in bankruptcy where necessary to avoid "undue hardship" to the debtor and her dependents. There is no indication in the record that Defendant has filed for bankruptcy protection, or that this statute would otherwise be applicable here. Consequently, Defendant has failed to produce any evidence that could rebut Plaintiff's *prima facie* case, and it follows that Plaintiff is entitled to summary judgment in its favor.

In a final effort to avoid this result, Defendant submitted an August 10, 2010 letter to the Court stating that she has applied for a discharge of her student loan repayment obligation on the ground that she is totally and permanently disabled from work. Yet, as this Court explained in *Johnson,* 2005 WL 1355097, at *5, Defendant's application for a total and permanent disability discharge does not preclude an award of summary judgment against her "regarding the existence and amount of [her] student loan debt." Rather, the Government may continue to "legitimately pursue collection activity" — including, as pertinent here, an award of summary judgment in its favor and against

3

Defendant — while Defendant applies for and pursues a disability discharge, and these efforts may continue "unless and until" Defendant secures a conditional discharge under the pertinent administrative regulation, 34 C.F.R. § 685.213. *Johnson,* 2005 WL 1355097, at *5; *compare Guillermety,* 341 F. Supp.2d at 686-87 (explaining that the Government could not pursue collection efforts in that case because the student loan recipient had obtained a conditional discharge). It is important to emphasize, however, that an award of summary judgment in Plaintiff's favor does not preclude Defendant from seeking or obtaining a discharge of her student loan repayment obligation on grounds of total and permanent disability, *see Johnson,* 2005 WL 1355097, at *5; rather, Defendant remains free to pursue her administrative remedies, and nothing in the Court's rulings in this case should be construed as having any bearing upon her entitlement to such relief.

## III.  CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's March 17, 2010 motion for summary judgment (docket #12) is GRANTED.  IT IS FURTHER ORDERED that, within *ten (10) days* of the date of this opinion and order, Plaintiff shall submit a statement of the current balance owed by Defendant as of the date of this submission, along with a proposed judgment reflecting this current balance.


                        s/Gerald E. Rosen
                        Chief Judge, United States District Court

Dated:  December 21, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 21, 2010, by electronic mail and upon Pamela L. Jester, 30038 W. 12 Mile Road, Unit 37, Farmington Hills, MI 48334 by ordinary mail.

                        s/Ruth A. Gunther
                        Case Manager